Argued and submitted January 27, affirmed March 12, 1986

STATE OF OREGON,
*Respondent,*

*v.*

ANN McMULLEN REDDISH,
*Appellant.*

(85-4100; CA A36937)

715 P2d 495

D. Wesley Hamilton, Salem, filed the brief for appellant.

Jeff Bennett, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, James E. Mountain, Jr., Solicitor General, and Victoria Rudometkin, Certified Law Student, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

WARREN, J.

Defendant was convicted of criminally negligent homicide. ORS 163.145. She appeals, contending that the trial court erred in denying her motion to suppress evidence of a blood test claiming the blood sample was unlawfully seized.

On the evening of September 14, 1984, defendant was driving north on Highway 99E in Marion County. At approximately 7:50 p.m., her automobile hit the rear end of a vehicle which was stopped on the road behind another car which was waiting to make a left turn at the intersection of 99E and Clear Lake-Quinaby Road. All three cars were involved in the collision. One person in the vehicle defendant struck was seriously injured, and another in that car was killed. Officer Kurtz arrived on the scene shortly. He testified that, when he went to offer assistance to the occupants of defendant's car, he smelled an odor of alcohol coming from defendant. He did not see any skid marks and estimated that defendant's car was traveling in the range of 45 to 60 miles per hour. He testified that the weather was dry and that the accident occurred at an intersection which, from the direction defendant had been traveling, appeared after one-half mile of straight, unobstructed road. Subsequent examination of the victim's vehicle indicated that its tail lights and brake lights were lit at the time of the collision.

Defendant and the other persons injured in the accident were taken to the emergency room of a hospital. Kurtz arrived at the hospital at approximately 9:30 p.m. Approximately 15 minutes later he requested that a blood sample be taken from defendant. The blood was taken at 9:56 p.m., and later testing revealed that it contained 0.16 percent alcohol. Kurtz did not attempt to seek her consent for the blood extraction, because he was told that he could not see her until the doctor had seen her.

■ Defendant relies on *former* ORS 487.835(2)[1] and the United States and Oregon Constitutions' prohibition of unreasonable searches and seizures to challenge the officer's taking a blood sample without her consent and without

---

[1] *Former* 487.835(2) was repealed by Or Laws 1983, ch 338, § 978 (effective January 1, 1986), and reenacted as ORS 813.140, Or Laws 1985, ch 16, § 299.

obtaining a warrant.[2] *Former* ORS 487.835 provided, in pertinent part:

> "* * * A police officer may obtain a chemical test of the blood to determine the amount of alcohol in any person's blood * * *:
>
> "(1) If, when requested by a police officer, the person expressly consents to such a test.
>
> "(2) Notwithstanding subsection (1) of this section, from a person without the person's consent if:
>
> "(a) The police officer has probable cause to believe that the person was driving while under the influence of intoxicants and that evidence of the offense will be found in the person's blood * * *; and
>
> "(b) The person is unconscious or otherwise in a condition rendering the person incapable of expressly consenting to the test or the tests requested."

Defendant contends that Kurtz did not have probable cause to believe that she was driving under the influence of intoxicants and that evidence of that offense would be found in her blood two hours after the accident. Probable cause is necessary to validate the seizure of blood under both the statute and the constitutions. She also argues that Kurtz did not comply with the statutory provisions for taking the blood sample.

■ We conclude that Kurtz had probable cause to believe that defendant had been driving under the influence of alcohol and that evidence of intoxication would be found in her blood. He testified that he had noticed an odor of alcohol on defendant at the scene of the collision. He also had before him evidence of driving that is consistent with the inattentiveness commonly associated with people who drive while intoxicated. He deduced from his observations that defendant's vehicle had slammed into the rear of a stopped vehicle which had illuminated tail lights without attempting to stop or even to slow down. Those facts are sufficient to establish probable cause. *See State v. Calderon,* 67 Or App 169, 678 P2d 1245, *rev den* 297 Or 272 (1984).

■ In addition to requiring that the officer have probable

---

[2] Defendant does not challenge the validity of the warrantless testing of her blood done at the hospital, so we do not consider this issue. *Compare State v. Lowry,* 295 Or 337, 667 P2d 996 (1983).

cause, *former* ORS 487.835(2)(b) required that a non-consenting person be unconscious or otherwise incapable of expressly consenting to the taking of a blood sample. Kurtz did not attempt to obtain defendant's consent, and the record contains no evidence to indicate that she was somehow incapable of consenting. In fact, the statement that Kurtz could not talk to defendant until the doctor had seen her may indicate that defendant was capable of talking and could have granted or denied consent to a blood test if it had been requested. Kurtz was not authorized by statute to take a sample of defendant's blood without obtaining her consent or showing that she was incapable of consenting.

■       Although the police exceeded their statutory authority in taking a sample of defendant's blood, suppression of the evidence is not appropriate. Suppression of evidence for a statutory violation is called for when that remedy is indicated by legislative intent or warranted by the nature of the interest protected by the statute. *See State v. Brock,* 294 Or 15, 21-22, 653 P2d 543 (1982). The legislature clearly indicated that relevant evidence obtained in violation of the statute was not to be excluded in a prosection for criminally negligent homicide. *Former* ORS 487.820[3] provided:

> "The provisions of the implied consent law, ORS 487.805 to 487.835, except ORS 487.545, shall not be construed by any court to limit the introduction of otherwise competent, relevant evidence in any civil action, suit or proceedings or in any criminal action other than a violation of ORS 487.540 or a similar municipal ordinance in proceeding under ORS 482.541."

*Former* ORS 487.540 (renumbered ORS 813.010, Or Laws 1985, ch 16, § 293), referred to in *former* ORS 487.820, defined the offense of driving under the influence of intoxicants. It is only in prosecutions for driving under the influence that the legislature requires exclusion of evidence obtained in violation of the statute. In this negligent homicide action, evidence that defendant was driving under the influence of

---

[3] *Former* ORS 487.820 has been modified and reenacted as ORS 813.320. The only significant modification is that the section no longer refers to any particular sections as constituting the Implied Consent Law. ORS 813.140 (*former* ORS 487.835) is no longer listed under the heading "Implied Consent." It is, therefore, an open question whether ORS 813.320 prohibits exclusion of evidence obtained in violation of ORS 813.140.

intoxicants was clearly relevant and is admissible if otherwise competent. Accordingly, *former* ORS 487.820 does not permit exclusion of the evidence for violation of *former* ORS 487.835.

We now consider whether the warrantless seizure of the blood withstands the constitutional challenges. The state argues that it was justified in this case by the existence of probable cause and exigent circumstances, relying on *Schmerber v. California,* 384 US 757, 86 S Ct 1826, 16 L Ed 2d 908 (1966), and *State v. Heintz,* 286 Or 239, 594 P2d 385 (1979). *Schmerber* held that a warrantless seizure of an arrested person's blood taken without his consent is valid under the Fourth Amendment as incident to arrest if probable cause and exigent circumstances exist.

The Oregon Supreme Court applied *Schmerber* in *State v. Heintz, supra,* holding that a warrantless seizure of a person's blood is valid, as incident to that person's arrest, if probable cause exists to believe that alcohol will be found in the blood. Exigent circumstances exist because alcohol in the blood is "highly evanescent evidence." 286 Or at 248.

In *State v. Calderon, supra,* we upheld, over a constitutional challenge, a warrantless seizure of a non-consenting person's blood, finding probable cause and exigent circumstances. We noted that the Supreme Court, in *State v. Heintz, supra,* had "held open the question of the reasonableness of a seizure of a blood sample when the person is not under arrest," and we did not address that question, because the defendant did not raise it. 67 Or App at 172. Likewise, in this case defendant does not claim that she had to be under arrest in order for the seizure to be valid, so we do not address the question. We need decide in this case only if the seizure was justified by probable cause and exigent circumstances.

■ We have already decided, in connection with the statutory issue, that Kurtz had probable cause to obtain a sample of defendant's blood. The accident occurred at approximately 7:50 p.m., and Kurtz arrived at the hospital at about 9:30 p.m. Any alcohol in the defendant's blood would be rapidly dissipating, so exigent circumstances existed for a prompt taking of a blood sample. The seizure in these circumstances was not unreasonable under the federal and state constitutions. The trial court did not err in denying defendant's motion to suppress.

Affirmed.