Argued and submitted June 5, reversed and remanded August 2, 1995

## STATE OF OREGON,
*Appellant,*

*v.*

## TAMRA RAYLENE CLEM,
*Respondent.*

(94-116; CA A86012)

900 P2d 1064

Katherine H. Waldo, Assistant Attorney General, argued the cause for appellant. With her on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

John P. Daugirda and Roost & Daugirda filed the brief for respondent.

Before Riggs, Presiding Judge, and Landau and Leeson, Judges.

LEESON, J.

**LEESON, J.**

The state appeals from a pretrial order granting defendant's motions to suppress all evidence after a traffic stop. We reverse.

The following facts are not in dispute: On December 11, 1993, at 2:13 a.m., Baker City Police Officer Mahoney saw defendant illegally back her car from a parking space into the path of his marked patrol car. Mahoney had to stop his patrol car in the middle of the street to avoid hitting defendant's car. He turned on his overhead lights to signal her to stop, but defendant did not stop. She proceeded to an intersection where she turned left without signaling. Mahoney followed, turning his headlights from low beam to high beam and back to low beam to try to get defendant's attention. He saw defendant look into her rear view mirror, but still she did not stop. A short distance later, defendant started to pull over to the right side of the road as if to stop, but then moved to and drove down the middle of a two-way road. Defendant then failed to stop at a stop sign and made another unsignaled left turn, despite being followed by Mahoney, whose overhead lights were still flashing. Defendant made a third unsignaled turn at another intersection and then turned into her driveway, again without signalling, driving her right front tire over the curb. She stopped, approximately four minutes after she had backed into the path of Mahoney's patrol car. Mahoney stopped behind defendant's car. He asked defendant for her driver's license and asked her why she had failed to stop when he turned on his overhead lights. Mahoney told her that continuing to drive after she recognized the police car, failing to stop for the stop sign and driving over the curb would constitute an attempt to elude a police officer. Defendant responded that she was home and that she was going in the house and going to bed. Mahoney smelled an odor of alcohol on her breath and decided to arrest her for attempting to elude and "whatever." He asked defendant if she had consumed any alcoholic beverages and she replied that she had had "a couple." Mahoney then asked her if she would consent to performing field sobriety tests, but he did not inform her of the consequences of refusing to take those tests. Defendant refused. Mahoney then arrested her for DUII. At the police station, Mahoney gave defendant *Miranda* warnings and

then administered a breath test. That test showed that defendant had a blood alcohol content of .17 percent.

Defendant moved to suppress all evidence obtained following her arrest, including the statements she made to Mahoney, her refusal to take the field sobriety tests and the results of her breath test. On June 7, 1994, the trial court denied defendant's motion. The next day, defendant moved to suppress the statements she made to Mahoney, contending that they were given in a compelling circumstance and that Mahoney should have, but did not, provide *Miranda* warnings when he first encountered her. Specifically, she moved to suppress her statement that she had had "a couple" of drinks. She also requested that the court reconsider its denial of her earlier motion to suppress all evidence obtained following her arrest. The court granted the motions and on September 14, 1994, ordered that:

"1.   defendant's Motion to prohibit the State from offering evidence of defendant's refusal to perform field sobriety tests is hereby granted,

"2.   defendant's Motion to Suppress any and all statements made by defendant is hereby granted,

"3.   defendant's Motion to Reconsider the Court's prior ruling denying defendant's Motion to Suppress all evidence obtained in this case is hereby granted, and

"4.   defendant's Motion to Suppress all evidence following defendant's illegal arrest is hereby granted."

It explained in its memorandum opinion:

"It was apparent to the officer that defendant had at least committed the offense of attempting to elude. The officer testified that after he stopped defendant he intended to arrest her for that offense 'and whatever.' By the time of her incriminating statement, defendant's arrest was inevitable and that would have been apparent to any observer and I must conclude that it was apparent to defendant.

"[Applying the rule from *State v. Smith*, 310 Or 1, 7, 791 P2d 836 (1990), that] a person is in custody when she is 'in a setting which judges and officers should recognize to be compelling[,]' * * * defendant was in custody at the time the officer asked her if she had been drinking. * * *

"* * * * *

"In summary[,] the officer observed defendant, in the early morning hours, drive a motor vehicle unlawfully and disobediently but not dangerously. He personally observed her and detected an odor of alcohol[ic] beverage but detected no other symptoms of intoxication. He was certain she had committed the offense of attempting to [elude]. He was uncertain beyond that.

"Absent the incriminating statement of defendant, now suppressed, it is (finally) apparent to me that the officer did not have probable cause to arrest defendant for driving while under the influence of intoxicants. The officer did not have sufficient objective basis for believing that defendant was guilty of that offense."

The state first assigns error to the trial court's suppression of defendant's statement to Mahoney that she had had "a couple." It argues that when Mahoney spoke with defendant in the driveway of her home she was not in custody or in a compelling situation that required *Miranda*-like warnings under either the Oregon or United States Constitution. It contends that Mahoney's uncommunicated suspicion or intent to arrest defendant cannot alter the objective circumstances surrounding the stop. Defendant responds that, because Mahoney could have arrested her for attempting to elude, her arrest was imminent, and therefore, she was in custody. She contends that under those circumstances, both Article I, section 12, of the Oregon Constitution and the Fifth Amendment to the United States Constitution, required Mahoney to provide *Miranda*-like warnings before he questioned her. We address the state constitutional claim first. *State v. Kennedy*, 295 Or 260, 262, 666 P2d 1316 (1983).

■    A defendant who is in "full custody" must be given *Miranda*-like warnings before questioning. *State v. Magee*, 304 Or 261, 265, 744 P2d 250 (1987). Such warnings may also be required in situations that do not rise to the level of full custody but that nonetheless create a "setting which judges would and officers should recognize to be 'compelling' * * *." *Id.*

■    In this case, defendant was neither in full custody nor in a compelling situation when she made the statement that she had had "a couple" of drinks. Her encounter with Mahoney occurred in her own driveway. Mahoney did not tell her that she was under arrest or that he was going to arrest

her. She was not handcuffed, frisked or physically restrained. There is no evidence that the questioning was prolonged or took place in an atmosphere with coercive overtones. That Mahoney may have viewed defendant as a suspect for attempting to elude a police officer does not itself create a "compelling" setting for Oregon constitutional purposes. *State v. Smith*, 310 Or 1, 11, 791 P2d 836 (1990). Mahoney did not violate Article I, section 12, by neglecting to give defendant *Miranda*-like warnings before questioning her.

■ Under the United States Constitution, *Miranda*-like warnings are required when a person's freedom has been "significantly restrained." *Oregon v. Elsted*, 470 US 298, 309, 105 S Ct 1285, 84 L Ed 2d 222 (1985). A police officer's unarticulated intention to arrest a suspect has no bearing on the question whether the suspect was "in custody" at that time. *Berkemer v. McCarty*, 468 US 420, 442, 104 S Ct 3138, 82 L Ed 2d 317 (1984). The relevant inquiry is how a reasonable person in the suspect's position would have understood the situation. *Id.* As discussed above, Mahoney did not restrain defendant in any way and the encounter with her was brief and noncoercive. We conclude that defendant's statement that she had had "a couple" of drinks was voluntarily made in a setting that did not require *Miranda*-like warnings under either the Oregon or United States Constitution. The trial court erred in suppressing that statement.

The state next assigns error to the trial court's ruling that Mahoney illegally arrested defendant and to suppression of defendant's subsequent statements and the results of the breath test.[1] It contends that Mahoney had probable cause to arrest defendant for DUII based only on defendant's pattern of driving and the odor of alcohol on her breath. It maintains that her driving during the time Mahoney observed her indicated impairment and that that driving pattern, combined with the odor of alcohol Mahoney detected when defendant stepped from her car, gave rise to an inference that it was more likely than not that defendant was driving under the influence of intoxicants. Defendant argues that there was nothing unusual about her driving, that she did not weave, that she drove across a narrow bridge without any problem

---

[1] The state does not challenge the trial court's suppression of defendant's refusal to perform the field sobriety tests.

and that all of her other actions during the encounter with Mahoney did not suggest impairment.

■    A police officer must have probable cause before arresting a person for driving under the influence of intoxicants. ORS 133.310(1)(e). Probable cause requires that the officer have a subjective belief that it is more likely than not that the defendant has been driving while intoxicated, and that belief must be objectively reasonable under the circumstances. *State v. Owens*, 302 Or 196, 204, 729 P2d 524 (1986).

■    There is no dispute that Mahoney had a subjective belief that defendant was driving under the influence of intoxicants when he arrested her. The state and defendant disagree only about whether that belief was objectively reasonable under the circumstances. On the facts before us, we agree with the state that it was objectively reasonable for Mahoney to believe that defendant was driving under the influence of intoxicants even before she admitted to having had "a couple" of drinks.

In a span of just four minutes, defendant forced a marked police car to stop in the middle of the street to avoid hitting her, committed at least seven traffic infractions — most of which occurred while a police car followed her with its overhead lights flashing — and attempted to elude the officer. When she finally stopped her car and Mahoney confronted her with the fact that her driving constituted an attempt to elude a police officer, she responded by telling him that she was home and that she was going inside to go to bed. Mahoney smelled an odor of alcohol on her breath. The large number of driving infractions committed in such a short period of time in the presence of a police officer, coupled with the odor of alcohol on her breath, are sufficient objective indicators that defendant was driving while intoxicated. Mahoney's subjective belief that defendant was under the influence of intoxicants was objectively reasonable under the circumstances. *See State v. Reddish*, 78 Or App 219, 222, 715 P2d 495 (1986) (an odor of alcohol on defendant and evidence of driving consistent with the inattentiveness commonly associated with intoxicated persons are sufficient to establish probable cause). Defendant's statement that she had had "a couple" of drinks was not necessary to establish probable cause to arrest her for DUII.

In sum, the trial court erred in suppressing defendant's statement that she had had "a couple," because that statement was not made under "compelling" circumstances. It also erred in suppressing statements defendant made following her arrest and in suppressing the results of the breath test.

Reversed and remanded.