***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

Submitted March 8, affirmed April 19, 2023

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

KARAH LYNN SEAVEY,
*Defendant-Appellant.*

Lane County Circuit Court
20CR13810; A176806

Stephen W. Morgan, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and John Evans, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Jon Zunkel-deCoursey, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, and Egan, Judge, and Kamins, Judge.

KAMINS, J.

Affirmed.

**KAMINS, J.**

Defendant appeals her conviction for driving under the influence of intoxicants, ORS 813.010. She assigns error to the trial court's denial of her motion to suppress statements that she made to a police officer who stopped her for running a red light. We affirm.

We review the trial court's denial of a defendant's motion to suppress for legal error. *State v. Revette*, 318 Or App 749, 751, 508 P3d 985, *rev den*, 370 Or 214 (2022). Defendant argues that the timing of the stop late at night, the unfamiliarity of the setting, the fact that she was a female, alone, confronted by two male officers, questioned about her alcohol consumption, and unable to terminate the encounter amounted to compelling circumstances, such that *Miranda* warnings were required before police asked any questions. *See id.* at 758 ("Article I, section 12, protects an individual's right against compelled self-incrimination and thus requires *Miranda* warnings for any individual who is in full custody or in circumstances that create a setting which judges would and officers should recognize to be compelling." (Internal quotation marks omitted.)). Because the circumstances here did not deviate from a typical traffic stop and therefore did not amount to compelling circumstances, we conclude that the trial court did not err in denying the motion to suppress. *See State v. Nelson*, 285 Or App 345, 351, 397 P3d 536 (2017) (routine traffic stops alone are not sufficiently compelling to require *Miranda* warnings, even if the person does not feel free to leave, so long as the traffic stop is no more lengthy or coercive than is typical); *State v. Clem*, 136 Or App 37, 39, 41-42, 900 P2d 1064 (1995) (traffic stop of a female driver in the middle of the night did not amount to compelling circumstances so as to justify suppressing statements relating to driver's alcohol consumption).

Affirmed.