606 December 4, 2024 No. 877

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

LIANNA ROSE MILLER,
*Defendant-Appellant.*

Multnomah County Circuit Court
22CR37717; A181248

Melvin Oden-Orr, Judge.

Submitted October 15, 2024.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Joshua B. Crowther, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Peenesh Shah, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, Hellman, Judge, and Mooney, Senior Judge.

MOONEY, S. J.

Affirmed.

## MOONEY, S. J.

Defendant appeals a judgment convicting her of driving under the influence of intoxicants, ORS 813.010. She assigns error to the trial court's denial of her motion to suppress (1) incriminating statements she made to a police officer when she claims she did not understand or validly waive her *Miranda* rights, and (2) the results of a blood draw that was performed without a warrant and, as she contends, without her knowing and voluntary consent. We affirm.

We review a trial court's denial of a motion to suppress for legal error, mindful that we are "bound by the trial court's findings of fact if there is sufficient evidence in the record to support them." *State v. Doyle*, 262 Or App 456, 458-59, 324 P3d 598, *rev den*, 355 Or 880 (2014). "If findings of historical fact are not made on all pertinent issues and there is evidence from which such facts could be decided more than one way, we will presume that the facts were decided in a manner consistent with the court's ultimate conclusion." *State v. Ehly*, 317 Or 66, 75, 854 P2d 421 (1993). We state the relevant facts in accordance with that standard.

Defendant drove her vehicle into a parked vehicle. An officer spoke with defendant while she was still at the crash scene and obtained license and vehicle information. He did not notice signs of intoxication but did note bleeding. She was taken by ambulance to a hospital where she was treated for her injuries, including the administration of fentanyl, a powerful, short-acting pain medication. Another officer went to the hospital after receiving a report of a person with a blood alcohol content (BAC) of .456 percent.[1] That officer, who was in full uniform, spoke with defendant while she was receiving treatment in a hospital bed in a hallway outside the emergency department noting that she had bloodshot, watery eyes. He told defendant that he was a police officer and he read defendant her *Miranda* rights. The officer had a "normal" interaction with defendant, during

---

[1] ORS 676.260(1)(a) requires a health care facility providing immediate post-motor-vehicle-accident medical care to the presumed driver to notify law enforcement of the result of any blood test performed in the course of treatment that reveals a BAC that meets or exceeds the percent specified in ORS 813.010, which is 0.08 percent.

which she told him that she had consumed two glasses of wine. The officer asked if she would consent to a blood draw, and she agreed. That blood draw measured a BAC of .309 percent.

We begin with defendant's challenge to the trial court's denial of her motion to suppress the statements she made under Article I, section 12, of the Oregon Constitution. "*Miranda* warnings against self-incrimination are required under [Article I, section 12,] when a defendant is in full custody or when circumstances exist which, although they do not rise to the level of full custody, create a setting that is compelling." *State v. Warner*, 181 Or App 622, 627-28, 47 P3d 497, *rev den*, 335 Or 42 (2002) (internal quotation marks omitted). Defendant argues that she was in compelling circumstances, and although she acknowledges that she was given *Miranda* warnings, she argues that she was too intoxicated to validly waive her right against self-incrimination. We acknowledge that the trial court did not make an express finding about compelling circumstances. But there was evidence from which the court could find that the circumstances were not compelling. Because that finding would be consistent with the trial court's denial of the motion to suppress, our standard of review leads us to conclude that the court, in fact, found that the circumstances were not compelling. *Miranda* warnings were, therefore, not required. Because defendant was not entitled to *Miranda* warnings, the officer who interviewed her was likewise not required to obtain a waiver of the rights enumerated in those warnings.

Whether a situation is compelling is determined by "how a reasonable person in the suspect's position would have understood the situation." *State v. Clem*, 136 Or App 37, 42, 900 P2d 1064 (1995). The Supreme Court has developed four nonexclusive factors to guide courts in analyzing whether circumstances were compelling: the length of the encounter, the location of the encounter, the amount of pressure placed on the defendant, and the defendant's ability to end the encounter. *State v. Shaff*, 343 Or 639, 645, 175 P3d 454 (2007) (quoting *State v. Roble-Baker*, 340 Or 631, 640-41, 136 P3d 22 (2006)). Defendant's brief encounter with the officer here took place in a hospital hallway and

amounted to little more than an investigatory detention. Although she was in a hospital bed and had been medicated for pain, a reasonable person in those circumstances would have understood that she remained free to terminate the encounter. Defendant's argument to the contrary is foreclosed by *Warner*, where we concluded that an intoxicated defendant in a hospital bed who was medically restrained and was questioned without *Miranda* warnings was not in a compelling circumstance. 181 Or App at 629-30. And contrary to defendant's argument, the fact that the officer gave her *Miranda* warnings did not transform the noncompelling circumstances into circumstances that were compelling. *See State v. Turnidge (S059155)*, 359 Or 364, 404-05 n 24, 374 P3d 853 (2016), *cert den*, 580 US 1070 (2017) (explaining that, although the officer's "recitation of *Miranda* rights" was "a factor that weighs in favor of concluding that a defendant subject to police interrogation understands his or her ability to terminate questioning," it did not alone "transform the nature of the encounter from one that was not compelling into one that was"). In the absence of compelling circumstances, *Miranda* warnings were not required, which rendered the corollary requirement to obtain a valid waiver of those rights unnecessary. The trial court did not err in denying suppression of the statements defendant made at the hospital.

Turning to defendant's challenge to the trial court's denial of her motion to suppress the results of the second blood draw under Article I, section 9, of the Oregon Constitution, she does not dispute that she gave consent to the warrantless search of her blood but, instead, argues that she was too intoxicated to give that consent voluntarily. In reviewing the voluntariness of defendant's consent, which is a legal question, we are bound by the trial court's findings that are supported by the evidence. *State v. Venturi*, 166 Or App 46, 50, 998 P2d 748, *rev den*, 330 Or 375 (2000). We examine the totality of the circumstances reflected in the record that was before the trial court when it ruled on defendant's suppression motion to determine whether that evidence supported the court's conclusion that defendant's consent was freely given and not the result of express or implied coercion. *State v. Jepson*, 254 Or App 290, 294, 292 P3d 660

(2012). We have already concluded that the circumstances of the police encounter in the hospital hallway were not compelling. Moreover, there were no facts before the trial court that the officer used pressure or threats, or that he otherwise coerced defendant to obtain her consent for the blood draw. *See, e.g.*, *State v. Larson*, 141 Or App 186, 198, 917 P2d 519, *rev den*, 324 Or 229 (1996) (explaining that involuntariness requires some kind of coercion, the existence of which turns on facts such as "whether physical force was used or threatened, whether weapons were displayed, and whether the consent was obtained in public"). And while the fact that defendant was intoxicated and had been given pain medication may certainly be relevant to the question of her autonomy and, thus, her capacity to consent, *State v. Moore*, 265 Or App 1, 6, 336 P3d 507, *rev den*, 356 Or 638 (2014), the trial court's express finding that she consented to the blood draw, along with the implied finding that she did so voluntarily, is supported by the record. The trial court did not err when it denied defendant's motion to suppress the results of her blood draw.

Affirmed.