No. 120 February 20, 2025 85

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE ex rel CITY OF PENDLETON,
*Plaintiff-Appellant,*

*v.*

CARMEN REGINA WOODELL,
*Defendant-Respondent.*

Umatilla County Circuit Court
22CR53720; A180926

Christopher R. Brauer, Judge.

Argued and submitted November 20, 2024.

Patrick M. Ebbett, Assistant Attorney General, argued the cause for appellant. Also on the briefs were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Ryan Scott argued the cause and filed the brief for respondent.

Before Aoyagi, Presiding Judge, Egan, Judge, and Joyce, Judge.

JOYCE, J.

Reversed and remanded.

**JOYCE, J.**

The state appeals from an order granting defendant's pretrial motion to suppress statements that defendant made prior to her arrest for driving under the influence of intoxicants, operating a vehicle without driving privileges, and refusing to take a test for intoxicants. Defendant argued that the officer subjected her to compelling circumstances such that *Miranda* warnings were required. We conclude that defendant was not in compelling circumstances and thus the trial court erred in granting defendant's motion. Accordingly, we reverse.

"We state the facts consistently with the trial court's factual findings and its decision [granting] defendant's motion to suppress." *State v. Shaff*, 343 Or 639, 641, 175 P3d 454 (2007). Sergeant Freeman responded to a call of a car stopped in the middle of a roadway. When Freeman arrived at the scene, the car "was parked in the middle of the street in the southern lane of travel." Medical professionals were talking to an elderly woman seated on the curb near the car, who Freeman later learned was defendant's mother. Defendant was in the driver's seat of the stopped car. Freeman introduced himself and asked defendant what was going on and whether she was injured. Freeman asked if she was feeling okay, and she responded, "Yeah." Freeman thought defendant might be impaired because he detected a moderate odor of alcohol coming from defendant's breath and she had watery, bloodshot eyes.

Freeman asked defendant, "Have you been drinking a little bit today?" Defendant said, "[P]retty much I am." Freeman asked defendant what kind of alcohol she had been drinking, and defendant said, "I like, um, hmm." After asking defendant questions about where she lives and where she was headed to that day, Freeman asked defendant, "Based on how much you've had to drink, should you be driving or should you maybe call a taxi?" Defendant replied, "Probably a taxi."

Freeman "wanted to expedite the situation to see if it was a law enforcement matter or if it was a medical issue," and he was also investigating whether to cite defendant for a traffic violation. Freeman asked defendant for her license,

insurance card, and registration. Freeman determined that defendant's driver's license was suspended. Defendant shuffled through papers but could not produce her registration card. Defendant appeared confused at times and was often slow to respond or nonresponsive to Freeman's questions.

Freeman told defendant that he was concerned about her drinking and driving and asked her if she would do some field sobriety tests (FSTs). Defendant refused. Freeman explained to defendant what the FSTs are and warned defendant that refusal to submit to the tests can be used against her in court. Freeman asked defendant again if she would do the tests, and defendant said no.[1] Freeman told defendant that she was under arrest and asked her to step out of the car. Freeman led defendant to his patrol car, handcuffed her, and gave her *Miranda* warnings. Freeman asked defendant if she understood her *Miranda* rights, and she said she did. About seven minutes had passed between the beginning of the encounter and defendant's arrest.

Defendant filed a pretrial motion to suppress all statements made to Freeman after Freeman began asking her about her alcohol use. Defendant contended that she was in "compelling circumstances"—requiring administration of *Miranda* warnings—when Freeman asked her whether she had been drinking because any reasonable person in defendant's position would have felt required to answer Freeman's questions. Defendant further argued that she did not "knowingly, voluntarily, and intelligently" waive her *Miranda* rights, "in light of [her] extreme intoxication."

The state argued that the circumstances were not compelling and thus Freeman was not required to give defendant her *Miranda* warnings until he placed her under

---

[1] Defendant filed a separate motion to suppress "any reference" to defendant's refusal to perform FSTs. Defendant withdrew that motion as "moot" after the trial court granted her motion to suppress based on *Miranda* violations. On appeal, the state does not challenge the trial court's suppression of the evidence of defendant's refusals to take the FSTs, nor any other statements defendant made in response to Freeman's questions about whether she was willing to take them. *See State v. Hamilton*, 330 Or App 258, 269, 543 P3d 704 ("[T]he state may introduce evidence of a defendant's refusal to perform FSTs if it demonstrates that a law enforcement officer's request to perform FSTs could reasonably be understood only as a request to provide physical cooperation and not as a request for constitutionally-significant consent to search." (Internal quotation marks omitted.)).

arrest. As to defendant's second argument, the state argued that defendant voluntarily waived her *Miranda* rights when she stated that she understood those rights, and that "no statements were really made after [that] point anyway."

The trial court granted defendant's motion, ruling that "[c]ompelling circumstances required *Miranda* warnings to be given prior to when given in this case for the reasons cited by [defense counsel]."

The state appeals that ruling, renewing its argument that defendant was not in compelling circumstances. We review whether statements were made in compelling circumstances for legal error, *State v. Esquivel*, 288 Or App 755, 756, 407 P3d 879 (2017), and conclude that the circumstances preceding defendant's arrest were not compelling. Accordingly, the trial court erred in granting defendant's motion to suppress.[2]

Under Article I, section 12, of the Oregon Constitution, a person is entitled to *Miranda* warnings when they are in "custody or other compelling circumstances." *State v. Davis*, 350 Or 440, 459, 256 P3d 1075 (2011). Circumstances are compelling when an encounter with police amounts to the "police-dominated atmosphere that *Miranda* warnings were intended to counteract." *State v. Roble-Baker*, 340 Or 631, 641, 136 P3d 22 (2006).

To determine whether circumstances are compelling, we evaluate factors such as "(1) the location of the encounter; (2) the length of the encounter; (3) the amount of pressure exerted on the defendant; and (4) the defendant's ability to terminate the encounter." *Id.* at 640-41 (internal citations omitted). "The question whether the circumstances were compelling * * * turns on how a reasonable person in the suspect's position would have understood [their] situation." *Shaff*, 343 Or at 645.

As particularly relevant here, neither a traffic stop nor questioning someone suspected of a crime, without more, creates the kind of compelling circumstances that require

---

[2] Because the state does not challenge the suppression of defendant's statements related to FSTs, as noted above, our conclusion that the trial court erred does not apply to those statements.

*Miranda* warnings. As we have explained, a routine traffic stop is not sufficiently compelling to require *Miranda* warnings, "even if the person questioned does not feel free to go, so long as the traffic stop is no more lengthy or coercive than is typical." *State v. Nelson*, 285 Or App 345, 351, 397 P3d 536 (2017). And questioning a person suspected of a crime does not inherently constitute compelling circumstances, "even when an officer reveals [their] suspicions of criminal activity after conveying to a defendant that [they are] not free to leave." *Id.* (internal quotation marks omitted).

Here, defendant's encounter with Freeman occurred on a public road; only one officer questioned defendant; the stop was brief; Freeman did not demonstrate a show of force such as raising his voice or drawing his gun, and he did not threaten or coerce defendant in any way; Freeman did not expressly confront defendant with evidence of probable cause to arrest; and defendant was not subjected to any heightened level of confinement. Under those circumstances, we conclude that the circumstances were not compelling and *Miranda* warnings were not required. *See State v. Prickett*, 324 Or 489, 495, 930 P2d 221 (1997) (concluding that circumstances were not compelling during traffic stop and DUII investigation after noting that the defendant was stopped on a public highway, only one officer was present, the stop was brief, and the officer did not "show any heightened level of activity" beyond a routine traffic stop); *cf. State v. Werowinski*, 179 Or App 522, 532, 40 P3d 545, *rev den*, 334 Or 632 (2002) (circumstances were compelling where the officer directed the defendant to enter and remain in a locked patrol car for 10 to 15 minutes and, when the officer returned, blocked the defendant from leaving the patrol car, and then "confronted [the] defendant with statements * * * that incriminated [the] defendant").

Defendant nevertheless argues that, "when a reasonable person would recognize that an arrest is imminent, that alone constitutes compelling circumstances, even if that awareness was not used by the officer in a coercive manner." In defendant's view, when Freeman questioned her about drinking and defendant admitted that she should not have been driving, defendant would have recognized that an

arrest was imminent, and "that situation is as inherently coercive as an arrest itself and therefore just as deserving of constitutional protection."

As explained above, our conclusion that defendant was not in compelling circumstances is consistent with our caselaw, and we decline to depart from that caselaw. *See State v. Clem*, 136 Or App 37, 41-42, 900 P2d 1064 (1995) (rejecting the defendant's argument that she was in compelling circumstances during a traffic stop because the officer "could have arrested her for attempting to elude" and therefore her "arrest was imminent").

Defendant also argues, alternatively, that we can affirm the trial court's ruling because "there is an individual right to remain silent, regardless of whether or not one is under arrest or in compelling circumstances," and the state failed to prove that defendant knowingly and voluntarily waived that right. *See Outdoor Media Dimensions Inc. v. State of Oregon*, 331 Or 634, 659-60, 20 P3d 180 (2001) (explaining that an appellate court can affirm on an alternative basis under certain circumstances). The state argues that we are precluded from reaching defendant's argument, which is raised for the first time on appeal, because defendant has not met the factors outlined in *Outdoor Media*. Assuming, without deciding, that defendant's argument is properly before us under *Outdoor Media*, we conclude that the argument fails on the merits because an officer is not required to obtain a waiver of the rights enumerated in *Miranda* warnings from a defendant who is not in custody or compelling circumstances. *See State v. Miller*, 336 Or App 606, 608, 561 P3d 675 (2024) (concluding that the defendant was not in compelling circumstances and that "[b]ecause defendant was not entitled to *Miranda* warnings, the officer who interviewed her was likewise not required to obtain a waiver of the rights enumerated in those warnings").

Reversed and remanded.