334 May 6, 2026 No. 378

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JUAN CARLOS GRANADOS-GONZALEZ,
aka Juan C. Granados-Gonzalez,
aka Juan C. Granados Gonzalez,
*Defendant-Appellant.*

Jackson County Circuit Court
21CR39107; A182538

Laura A. Cromwell, Judge.

Submitted April 21, 2025.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Bruce A. Myers, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Peenesh Shah, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, Hellman, Judge, and O'Connor, Judge.

ORTEGA, P. J.

Affirmed.

**ORTEGA, P. J.**

Defendant appeals a judgment of conviction for driving under the influence of intoxicants (DUII), ORS 813.010 (2021), *amended by* Or Laws 2023, ch 498, § 3 (Count 1), and recklessly endangering another person, ORS 163.195 (Count 3). In his sole assignment of error, defendant challenges the denial of his pretrial motion to suppress evidence. Defendant argues that the trial court erred in denying the motion because he was questioned by law enforcement in compelling circumstances without *Miranda* warnings. We conclude that the trial court did not err and, accordingly, affirm.

"We state the facts consistently with the trial court's factual findings and its decision denying defendant's motion to suppress." *State v. Shaff*, 343 Or 639, 641, 175 P3d 454 (2007). Police questioned defendant after he and his wife were involved in a car crash on a rural road. Deputy Vial, upon arriving at the scene of the crash, was told by a witness that defendant was the driver of the car that crashed into the witness's property. Vial approached defendant, who was seated in the back of the car, and asked if he was the driver, along with other crash-report-related questions. Defendant responded, "no *** I plead the Fifth." Vial told defendant to "come out and talk with [him]" and led him to stand behind the fire truck on the side of the road. Vial asked defendant, "[h]ow much have you had to drink?", to which defendant responded, "[a] couple." Vial asked, "How come witnesses are saying you're the driver?" Defendant did not answer. He then asked, "[W]here were you sitting in the car then?" Defendant answered that he was sitting in the driver's side and then changed his answer to the passenger side. Vial then instructed defendant to stay with his colleague while he spoke to defendant's wife and his father.

When Vial returned after receiving conflicting statements, he asked defendant why everyone was lying and whether he would be willing to do a few voluntary field sobriety tests "to make sure you're good to keep driving." After defendant agreed to do them, Vial told defendant that he believed he was the driver, arrested him, and read him his *Miranda* warnings.

Article I, section 12, of the Oregon Constitution safeguards the right against compelled self-incrimination. *State v. Thomas*, 343 Or App 560, 565, 578 P3d 1275 (2025); *see* Or Const, Art I, § 12 ("No person shall * * * be compelled in any criminal prosecution to testify against himself."). One manifestation of that right is that police officers must provide *Miranda* warnings before interrogating someone in compelling circumstances. *State v. Reed*, 371 Or 478, 483-84, 538 P3d 195 (2023) ("The Article I, section 12, requirement that police officers inform individuals of their rights prior to certain interrogations is similar to, but broader than, the requirement under the federal constitution established in *Miranda v. Arizona*, 384 US 436, 86 S Ct 1602, 16 L Ed 2d 694 (1966)."). *Miranda* warnings serve to "inform individuals of their right to remain silent and their right to counsel" and are intended to "counter the coercive effects inherent in custodial interrogations." *Id.* at 484.

"Compelling circumstances exist when, taking into account the totality of the circumstances, a reasonable person in the defendant's position would feel compelled to answer a police officer's questions." *State v. Dunlap*, 215 Or App 46, 57, 168 P3d 295 (2007). The analysis does not turn on the subjective beliefs or intentions of the officer or suspect but, rather, "how a reasonable person in the [defendant's] position would have understood his or her situation." *Thomas*, 343 Or App at 566.

Four nonexclusive factors are relevant in determining whether compelling circumstances existed: "(1) the location of the encounter, (2) the length of the encounter, (3) the amount of pressure exerted on the defendant, and (4) the defendant's ability to terminate the encounter." *State v. Andrews*, 335 Or App 59, 67, 557 P3d 165 (2024). The totality of the circumstances must be considered, however, with the "overarching inquiry" being "whether the officers created the sort of police-dominated atmosphere that *Miranda* warnings were intended to counteract." *State v. Roble-Baker*, 340 Or 631, 641, 136 P3d 22 (2006). It is the state's burden to prove that a person's unwarned statements were made under non-compelling circumstances. *Id.* at 639. "Whether the circumstances were compelling is a question of law that

we review for legal error, and we are bound by the trial court's findings of historical fact if there is any evidence in the record to support them." *Reed*, 371 Or at 488.

Here, we conclude that the circumstances did not rise to the level of compelling circumstances for purposes of Article I, section 12. First, the location of the encounter, on a public road and with defendant's family present, was more akin to a routine traffic or investigatory stop that would generally not be considered compelling circumstances. *See State v. Schwerbel*, 233 Or App 391, 395, 226 P3d 100, *rev den*, 349 Or 172 (2010) ("Officer questioning during an investigatory detention or routine traffic stop ordinarily does not create compelling circumstances that would require *Miranda* warnings." (Internal quotation marks omitted.)). Second, the length of the encounter was similarly brief and more akin to a traffic stop. Vial interacted with defendant a handful of times over the span of eight minutes before arresting him. The first and second factors suggest that the circumstances were not compelling.

Third, while Vial controlled defendant's movements by ordering him out of the car, moving him a few feet away on the side of the road, and telling defendant to stay with his partner while he spoke with other people on the scene, Vial and his partner did not otherwise exert much pressure during the encounter. Neither officer raised their voices, drew any weapons, or utilized coercive tactics. And although Vial told defendant that he was getting conflicting information from various sources, he did not expressly confront defendant with evidence of probable cause to arrest. *See State ex rel City of Pendleton v. Woodell*, 338 Or App 85, 89, 565 P3d 80, *rev den*, 373 Or 815 (2025) (holding that defendant was not in compelling circumstances when she was briefly questioned on a public road by an officer who did not threaten or coerce her or confront her with any evidence of probable cause).

The fourth factor, whether defendant could terminate the encounter, weighs slightly in favor of finding compelling circumstances. While the encounter resembled a traffic stop in many ways, defendant invoked his right to remain silent, and Vial never told defendant that he could

terminate the encounter. *See State v. Rodriguez*, 337 Or App 728, 738-39, 564 P3d 471 (2025) (concluding that the fourth factor weighed "slightly in favor of finding compelling circumstances" where police did not tell the defendant she could terminate the encounter, and we could not say that a reasonable person in the defendant's position would have understood she was under no obligation to answer questions).

To the extent that defendant argues that his invocation of his right to remain silent is enough to make the circumstances compelling, the Supreme Court has previously rejected that interpretation of what is required under Article I, section 12. *State v. Davis*, 350 Or 440, 459, 256 P3d 1075 (2011) ("[T]he court has never held that an individual's invocation of a right to remain silent in the absence of custody or other compelling circumstances precludes police from attempting to obtain incriminating information from that individual."); *see also State v. Miller*, 336 Or App 606, 608, 561 P3d 675 (2024), *aff'd*, 373 Or 173, ___ P3d ___ (2026) (concluding that in a situation where *Miranda* warnings were not required, the officer was "likewise not required to obtain a waiver of the rights enumerated in those warnings").

Considering the four nonexclusive factors and the totality of the circumstances as a whole, we agree with the trial court that defendant was not questioned in compelling circumstances that required *Miranda* warnings. It follows that the trial court did not err in denying defendant's motion to suppress.

Affirmed.