Submitted December 18, 2014, affirmed September 30, 2015, petition for review denied January 14, 2016 (358 Or 529)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JACOB FRANKLIN VENNELL,
*Defendant-Appellant.*

Jackson County Circuit Court
120120FE; A151670

359 P3d 1255

Peter Gartlan, Chief Defender, and Anne Fujita Munsey, Deputy Public Defender, Office of Public Defense Services, filed the briefs for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Leigh A. Salmon, Assistant Attorney General, filed the brief for respondent.

Before Armstrong, Presiding Judge, and Nakamoto, Judge, and Egan, Judge.

NAKAMOTO, J.

## NAKAMOTO, J.

Defendant, who was convicted of possession of methamphetamine, assigns error to the trial court's denial of his motion to suppress evidence. Defendant was a passenger in a car during a traffic stop. During the course of the stop, the police directed the driver and all passengers, including defendant, to get out of the car. One of the officers asked for and received defendant's consent to search his pockets, which contained methamphetamine paraphernalia and marijuana. In the trial court, the state did not dispute that the police had seized defendant at the time that the officer asked defendant for consent to search him. The trial court denied defendant's motion, concluding that (1) by the time of that seizure, the police reasonably suspected that defendant had committed a crime and (2) defendant's consent to the search of his pockets was voluntary and valid. On appeal, defendant challenges the court's conclusions. We conclude that the seizure was supported by reasonable suspicion and, therefore, that defendant's voluntary consent was valid. Accordingly, we affirm.

When reviewing a trial court's denial of a motion to suppress, we are bound by the trial court's findings of historical fact provided that there is evidence in the record to support them. *State v. Ehly*, 317 Or 66, 75, 854 P2d 421 (1993). We take the facts from the trial court's findings and from the suppression hearing. If the trial court did not make detailed findings on disputed issues of historical fact, we infer that the trial court made findings consistent with its ultimate conclusion. *State v. Watson*, 353 Or 768, 769, 305 P3d 94 (2013).

Defendant was a passenger in the back seat of a car that was stopped for a traffic violation. Initially, the police officer who initiated the stop did not notice defendant, who was seated behind the driver next to a closed tinted window. The driver ultimately consented to a search of the vehicle, after the officer searched and found drugs on one of the passengers. At that point, the officer noticed defendant in the back of the car and asked defendant, the driver, and the remaining passenger to step out of the vehicle so that it could be searched.

When defendant got out of the car, the officer smelled a "strong odor of marijuana" that the officer believed to be "strongest" around defendant, and so the officer believed that defendant was in possession of marijuana. The officer asked for and received defendant's consent to pat him down for weapons. Then the officer asked for consent to search defendant's pockets. Defendant stated that he had marijuana in his pockets—either before or after the officer asked for consent to search his pockets—and consented to the search. The search revealed a bag of marijuana and methamphetamine paraphernalia.

Defendant filed a motion to suppress "any and all objects, information, statements and observations obtained by and resulting from the unlawful expansion of the traffic stop and subsequent events * * *." The state argued that the officer had reasonable suspicion to investigate defendant for criminal activity, based on the odor of marijuana when he stepped out of the car, and that defendant had consented to the search.

The trial court concluded that defendant was seized when the officer asked defendant for consent to search him, but that the officer had reasonable suspicion and, therefore, the consent was valid. Accordingly, the trial court denied defendant's motion to suppress. Defendant executed a conditional plea of guilty to possession of methamphetamine, ORS 475.894, reserving his right to appeal the denial of his motion to suppress.

Defendant now challenges his conviction on the ground that the trial court erred in denying his motion to suppress. He argues that the police lacked reasonable suspicion, and that, therefore, his consent to search his pockets was invalid because it resulted from police exploitation of an unlawful seizure. The state now argues that defendant was not seized at all, but, in the alternative, that the trial court's conclusions were correct. Because we affirm on the trial court's original grounds, we do not reach the state's no-seizure argument.

The trial court's determination that, at the time of the seizure, the officer had a reasonable suspicion that defendant had committed a crime, is a legal conclusion. *State v.*

*Peterson*, 164 Or App 406, 410, 991 P2d 1104 (1999). So too is its determination that the evidence was obtained pursuant to defendant's consent and not through the exploitation of an unlawful stop. *See State v. Hall*, 339 Or 7, 35-36, 115 P3d 908 (2005), *overruled in part on other grounds by State v. Unger*, 356 Or 59, 333 P3d 1009 (2014). We review the trial court's legal conclusions for legal error. *Ehly*, 317 Or at 75.

On his appeal, defendant argues that the "strong odor of marijuana" emanating from defendant did not support the officer's reasonable suspicion. First, defendant focuses on whether the officer had reasonable suspicion to investigate him for *criminal* activity. Defendant argues that, because the officer's testimony did not specify the amount of marijuana that he believed he smelled, the officer could not have reasonably believed that defendant possessed one ounce of marijuana (a crime under ORS 475.864(3)(a) - (b)), rather than less than one ounce of marijuana (a violation under ORS 475.864(3)(c)). Second, defendant argues that, because the officer's testimony did not specify whether the officer smelled "fresh" or "burnt" marijuana, the evidence does not support the officer's reasonable suspicion that defendant was committing the present crime of marijuana possession.

"Reasonable suspicion" has both a subjective component and an objective component. *State v. Acuna*, 264 Or App 158, 167, 331 P3d 1040, *rev den*, 356 Or 400 (2014). The officer must subjectively believe that the person has committed or is about to commit a crime, and that belief must be objectively reasonable under the totality of the circumstances existing at the time of the stop. *Id.* A belief is objectively reasonable if it is based on specific and articulable facts. *Id.*

In this case, both the subjective and objective parts of the reasonable suspicion test have been met. As to the subjective component, the officer testified that he "could smell a strong odor of marijuana" that "was strongest around" defendant, and "so [his] belief was that [defendant] was in possession of marijuana at that time." Based on that testimony, the trial court could have believed that the officer smelled an odor that he knew, based on his experience, to

indicate marijuana possession, rather than an odor indicating that defendant had previously smoked marijuana. *See Watson*, 353 Or at 769 (on appeal of a motion to suppress, we infer that the trial court made findings of disputed historical fact consistent with its ultimate conclusion). Therefore, we defer to the trial court's finding as to the officer's subjective belief.

The officer's suspicion was also objectively reasonable as a matter of law. The smell of drugs can support reasonable suspicion sufficient to make an investigatory stop. *See, e.g., State v. Johnson*, 120 Or App 151, 157, 157 n 5, 851 P2d 1160, *rev den*, 318 Or 26 (1993) (the "distinct aroma of methamphetamine emanating from" a defendant supported reasonable suspicion to investigate a possible crime, even though it would not support probable cause to arrest the defendant). In a case addressing arguments similar to those in this case, we held that the officer had reasonable suspicion that the defendant was involved in illegal drug activity when the officer stopped the defendant in a high-crime area on an informant's tip and, importantly, the officer smelled a "strong smell of what he believed was unburned marijuana in the immediate vicinity." *Acuna*, 264 Or App at 160, 168-69. In *Acuna*, the officer had reasonable suspicion to stop the defendant, even though the smell of marijuana could have originated with the defendant or one of his two companions. *Id.* at 169. In this case, the officer's suspicion was all the more reasonable because the officer smelled a strong odor of marijuana emanating from defendant specifically, indicating his possession of marijuana.

We also have rejected the argument that reasonable suspicion requires an officer to articulate his or her belief that a stopped person possesses more than a violation amount of marijuana. *See id.* at 169 n 4. In part, that is because reasonable suspicion is a lower standard than probable cause and a stop is less invasive than an arrest. *See id.*; *see also State v. Rodgers/Kirkeby*, 347 Or 610, 621, 227 P3d 695 (2010) (distinguishing between a stop and an arrest). As we noted in *Acuna*, "[r]easonable suspicion does not require that the facts as observed by the officer conclusively indicate illegal activity but, rather, only that those facts support the reasonable inference of illegal activity by that person." 264

Or App at 167 (internal quotation marks omitted). An officer who smells a strong odor of marijuana emanating from a person can reasonably infer that that person is carrying a large amount of marijuana.

In this case, the officer smelled a "strong odor of marijuana" and reasonably inferred that defendant was carrying a large amount of marijuana. Therefore, the officer's reasonable suspicion supported the stop, and the officer was permitted to investigate whether defendant had committed a marijuana possession crime.

Finally, we turn to the validity of defendant's consent to the search of his pockets, which revealed his possession of drugs. Defendant does not dispute that his consent was voluntary. Because the officer had reasonable suspicion to stop defendant and defendant voluntarily consented to the search of his pockets, the trial court did not err in denying the motion to suppress the evidence obtained pursuant to the search.

Affirmed.