No. 760 August 27, 2025 65

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*
*v.*

JOSE NARSICO GALLEGOS-TORRES,
aka Jose Narsico GallegosTorres,
*Defendant-Appellant.*

Multnomah County Circuit Court
18CR54222; A180026

Angela F. Lucero, Judge.

Submitted July 16, 2024.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Anna Johnson, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Patricia G. Rincon, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, Powers, Judge, and Hellman, Judge.

POWERS, J.

Affirmed.

**POWERS, J.**

Defendant appeals from a judgment of conviction for unlawful possession of a firearm, assigning error to the denial of his motion to suppress. In a single assignment of error, defendant argues that the trial court erred when it denied his motion after concluding that he was not in compelling circumstances that required *Miranda* warnings prior to questioning by law enforcement. As explained below, we are not persuaded by defendant's contentions. The interaction was not long, took place in a public location, and the officer did not use an aggressive tone nor physical force. Further, although defendant was not free to leave and the situation likely would have been highly stressful for defendant, prior cases have concluded that questioning someone suspected of a crime does not, in most instances, create compelling circumstances except when an officer directly confronts a suspect with probable cause to arrest before questioning or searching the suspect, which is not present here. In short, because defendant was not in compelling circumstances as that term has been defined by case law, the trial court did not err by denying the motion to suppress. Accordingly, we affirm.

We review a trial court's ruling on a motion to suppress for errors of law. *State v. Ehly*, 317 Or 66, 75, 854 P2d 421 (1993). In so doing, we are bound by the court's factual findings if there is constitutionally adequate evidence to support them. *Id.* If the court did not make express findings of fact on all pertinent issues, we "presume that the facts were decided in a manner consistent with the court's ultimate conclusion." *Id.* We set out the undisputed background facts adduced at the suppression hearing with that standard of review in mind.

On the day of defendant's arrest, Sergeant Filbert of the Portland Police Bureau received a call reporting three suspects in a truck who were involved in a "road rage type incident" where "[s]omebody had pointed a gun at somebody else." Shortly after the call, Filbert spotted the truck and began following it. The truck pulled into a Plaid Pantry parking lot, and Filbert activated his lights and stopped the truck. At that point, two more officers were with him

and pulled into the parking lot as well. Filbert testified that he could not remember whether the officers activated their sirens or whether any of them kept their lights on for the duration of the stop. The officers approached the truck and requested that defendant and the passengers put their hands out the window to show the officers that they were not carrying any weapons. Filbert testified that the officers did not draw their firearms and that they wanted to make it "a nice, low-key stop."

Each of the officers spoke with one of the occupants of the truck. Filbert spoke with defendant. Filbert asked defendant to step out of the truck, patted him down, and asked him to sit on the curb, but Filbert did not handcuff defendant nor tell him that he was under arrest. The trial court found that at that time defendant was not free to leave. Filbert asked defendant questions about what would have alerted Filbert to the truck. About five minutes later, Filbert asked defendant whether he could search the truck. Filbert testified that defendant "nodded yes, and then told [Filbert] [he] could go ahead and check."

During the search, Filbert found a backpack, which the two passengers identified as defendant's backpack. Defendant also said that it was his backpack and gave Filbert consent to open it. Inside, Filbert found a firearm, and he eventually arrested defendant. Filbert testified that he handcuffed and put defendant in his patrol car at some point, but he did not remember exactly when. Filbert further testified that about 10 minutes passed between when the stop occurred and when he searched the backpack. Filbert did not inform defendant of his *Miranda* rights or give him a *Miranda* rights card at any point during the interaction.

At trial, defendant moved to suppress any statements that were made prior to his transport to the East Precinct and the physical evidence obtained during the search. The trial court found that, although interactions with law enforcement can always involve some feelings of intimidation, Filbert did not exert an extraordinary amount of pressure on defendant, nor any kind of coercive pressure. The court thus denied defendant's motion to suppress. This timely appeal follows.

To address the sole issue raised on appeal—*viz.*, whether the totality of the circumstances showed that defendant was in compelling circumstances for purposes of *Miranda* warnings—we begin with a brief overview of the applicable legal principles. To protect a person's right against compelled self-incrimination under Article I, section 12, of the Oregon Constitution, *Miranda* warnings must be given before questioning when a person is in full custody or in compelling circumstances. *State v. Roble-Baker*, 340 Or 631, 640, 136 P3d 22 (2006). When deciding whether a defendant's encounter with police officers constitutes compelling circumstances, we consider several factors, including: (1) the location of the encounter, (2) the length of the encounter, (3) the amount of pressure exerted on the defendant, and (4) the defendant's ability to terminate the encounter. *Id.* at 640-41. Importantly, the factors are not exclusive and are not to be applied mechanically. *Id.* at 641. Rather, we will consider the totality of the circumstances, and our overarching inquiry is whether the officers created the sort of police-dominated atmosphere that *Miranda* warnings were intended to counteract. *Id.*

In challenging the trial court's suppression ruling, defendant argues that the trial court erred when it determined that he was not in compelling circumstances that required *Miranda* warnings prior to questioning. Defendant further asserts that, when Filbert asked him about a backpack in the truck, he had no choice but to confirm that it was his. We are unpersuaded by defendant's argument.

First, defendant acknowledges, and the state reiterates, that the first two factors—location and length of the encounter—do not weigh in favor of defendant's argument. Defendant was in a public place and the entire interaction lasted about 10 minutes. Oregon courts have held that a public location and encounter of less than 15 minutes weighs against finding circumstances compelling. *See State v. Schwerbel*, 233 Or App 391, 397, 226 P3d 100, *rev den*, 349 Or 172 (2010) (concluding that an encounter occurring in a public location and lasting 15 minutes makes the circumstances less likely to be compelling). Therefore, the first two factors weigh against defendant's argument that the circumstances were compelling.

The remaining two factors also do not weigh in favor of establishing that the circumstances were compelling. Defendant argues that the circumstances were compelling because the officers used their lights and potentially their sirens during the stop and separated the occupants of the truck, and because Filbert restricted defendant's movements when he had defendant sit on the curb to help ensure that defendant could not leave. Defendant asserts that that situation is like the one presented in *State v. McMillan*, 184 Or App 63, 68, 55 P3d 537 (2002), *rev den*, 335 Or 355 (2003), where we held that the non-physical restriction of the defendant's movements contributed to creating compelling circumstances.

We disagree with defendant's assertion that those two factors made the circumstances compelling. In holding that the defendant was not in compelling circumstances in *McMillan*, we explained that the use of lights and sirens in a marked patrol car and the defendant's inability to leave were insufficient for compelling circumstances and that stopping a person to investigate a crime does not usually result in compelling circumstances. *Id.* at 67-68; *see also State ex rel City of Pendleton v. Woodell*, 338 Or App 85, 88-89, 565 P3d 80, *rev den*, 373 Or 815 (2025) (explaining that "neither a traffic stop nor questioning someone suspected of a crime, without more, creates the kind of compelling circumstances that require *Miranda* warnings"). Rather, what "tip[ped] the balance" in *McMillan* was that the officer told the defendant that the police had probable cause to arrest the defendant and would be deciding if the defendant should be arrested and taken to jail. *Id.* at 68-69. Similarly, in *Schwerbel*, we observed that an officer pulling a defendant over in a public area, not using physical force or a loud tone of voice, and an interaction lasting less than 15 minutes was not sufficient to create compelling circumstances. 233 Or App at 397. However, like *McMillan*, the circumstances in *Schwerbel* were compelling because the officer told the defendant that he could arrest the defendant for driving with a suspended license. *Id.* at 398.

Here, like the circumstances presented in both *Schwerbel* and *McMillan*, Filbert used lights and possibly

sirens, but he did not raise his voice and the encounter was brief. Unlike the circumstances in *Schwerbel* and *McMillan*, however, Filbert's questioning of defendant did not involve anything to indicate that he already could or would arrest defendant. Rather, Filbert asked defendant for consent to search the truck and backpack and did not increase the pressure on defendant by discussing an arrest. Therefore, the distinguishing facts that made the circumstances compelling in *Schwerbel* and *McMillan*—that is, confrontation with evidence of probable cause for arrest—were not present here. *See State v. Heise-Fay*, 274 Or App 196, 206, 360 P3d 615 (2015) (summarizing cases where compelling circumstances did not exist "when an officer had asked open-ended questions during an investigation that were neither coercive nor based on an assumption of the defendant's guilt"). Although confrontation with evidence of probable cause is not always necessary for circumstances to be compelling, the lack of any coercive or aggressive tactics in this case, including any confrontation with probable cause, presents a circumstance in which there was no increase in pressure on defendant outside of a routine stop and request to search. Thus, under the circumstances presented in this case, the amount of pressure exerted on defendant does not go far enough beyond that of a typical stop to investigate a crime to make the circumstances compelling. *See State v. Nelson*, 285 Or App 345, 351, 397 P3d 536 (2017) (observing that "questioning a person suspected of a crime does not inherently create a compelling setting for Oregon constitutional purposes" (internal quotation marks omitted)).

Finally, the Oregon Supreme Court has consistently held that a minimal level of restraint no more coercive or lengthy than a typical traffic stop is not sufficient to make circumstances compelling. *E.g.*, *State v. Shaff*, 343 Or 639, 647, 175 P3d 454 (2007) (concluding that, although the defendant "was not free to leave, the detention was no more coercive or lengthy than a typical traffic stop" and explaining that the court "has never held that that minimal level of restraint—without more—is sufficient to make the setting a compelling one"). Therefore, although defendant's inability to terminate the encounter weighs in favor of concluding

that he was in compelling circumstances, it is not enough to make the totality of the circumstances compelling.

In short, we conclude that, although the circumstances likely were highly stressful for defendant, they do not amount to compelling circumstances as articulated in case law. Accordingly, the trial court did not err in denying defendant's motion to suppress.

Affirmed.