No. 530　　　　　　June 10, 2026　　　　　　529

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JON CHRISTOPHER BROWN,
*Defendant-Appellant.*

Washington County Circuit Court
23CR36051; A184816

Oscar Garcia, Judge.

Submitted April 23, 2026.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Meredith Allen, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Interim Deputy Attorney General, and Julia Glick, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, Kamins, Judge, and Jacquot, Judge.

KAMINS, J.

Affirmed.

**KAMINS, J.**

Defendant appeals from a conviction of unlawful possession of a controlled substance raising two assignments of error relating to the denial of his motion to suppress evidence obtained from a stop of his car in a Target parking lot following a call from an anonymous informant reporting that defendant possessed fentanyl. We affirm.

In his first assignment of error, defendant contends that the trial court erred by denying his motion to suppress evidence because the informant's report did not provide reasonable suspicion for the stop. An informant's report is considered reliable and, therefore, a sufficient basis for reasonable suspicion, based on three factors: (1) "whether, if the report is false, the informant may be subject to potential criminal prosecution and civil liability," (2) "whether the report is based on the personal observations of the informant, which may be inferred by an officer if the information in the report contains sufficient detail to show that it was not fabricated and the report may be recognized through common experience as having been reliably obtained," and (3) "whether the officer's observations corroborate the information provided by the informant, which may occur when the officer observes the illegal activity or finds the person, vehicle, or location substantially as the informant described." *State v. Mitchele*, 240 Or App 86, 91, 251 P3d 760 (2010). All three factors favor finding that the informant's report here was reliable.

First, the caller was readily identifiable; she left her phone number, agreed to be contacted for follow-up questions, and identified herself as the mother of defendant's child. *See State v. Busacker*, 154 Or App 528, 536-37, 962 P2d 723, *rev den*, 327 Or 620 (1998) (determining that unnamed informant was "readily identifiable" by his position as a Navy officer when placing a call to dispatch, sufficient to make him subject to potential criminal prosecution and civil liability). Second, although the caller may have been motivated by a desire to see defendant arrested due to his purported abusiveness, she personally observed defendant and gave a high level of detail in her description, identifying a specific container and number of pills. *See State v. Shumway*, 124

Or App 131, 135-36, 861 P2d 384 (1993), *rev den*, 318 Or 459 (1994) (explaining that the second factor favored a finding of reliability where the informant personally observed the defendant and provided a detailed description of the incident, even where the informant indicated that he wished for the defendant to be arrested). Third, defendant was in the Target parking lot with bags of soda cans to return for deposit and a small, dark container, as the caller described. *See State v. Hames*, 223 Or App 624, 629, 196 P3d 88 (2008) ("The officer may corroborate the report either by observing the illegal activity or by finding the person, the vehicle, and the location substantially as described by the informant."). The caller indicated that defendant would have some amount of fentanyl, regardless of whether cans were present at the time of the stop (meaning that defendant had not obtained money to buy more fentanyl). That is sufficient to support "the reasonable inference of illegal activity" as necessary to establish reasonable suspicion. *State v. Vennell*, 274 Or App 94, 98, 359 P3d 1255 (2015), *rev den*, 358 Or 529 (2016), *abrogated on other grounds by State v. Vannoy*, 326 Or App 11, 530 P3d 503 (2023).

In defendant's second assignment of error, he contends that the trial court erred by denying his motion to suppress statements made prior to being given *Miranda* warnings. *See State v. Reed*, 371 Or 478, 484-86, 538 P3d 195 (2023) (holding that police must give *Miranda* warnings prior to interrogation under compelling circumstances). The parties agree that the officer's questions about the sunglasses case's contents constituted an interrogation. At issue is whether the question occurred under compelling circumstances.

To determine if a defendant was placed in compelling circumstances, we consider four primary factors: (1) the location of the encounter; (2) the length of the encounter; (3) the amount of pressure exerted on the defendant; and (4) the defendant's ability to terminate the encounter. *State v. Roble-Baker*, 340 Or 631, 640, 136 P3d 22 (2006). Three factors weigh in favor of the state. The encounter occurred in public, during the day, in a Target parking lot and was brief—less than five minutes—before defendant admitted

that he had pills in the container. *See State v. McMillan*, 184 Or App 63, 67-68, 55 P3d 537 (2002), *rev den*, 335 Or 355 (2003) (explaining that the "typically relatively brief" and "public nature" of traffic stop does not usually result in compelling circumstances). Defendant was also not subject to any greater restraint than experienced during a typical traffic stop, which does not constitute compelling circumstances. *State v. Gallegos-Torres*, 343 Or App 65, 70, 577 P3d 822 (2025). Regarding the remaining factor—the pressure exerted on defendant, although the officer remained calm and conversational, he also repeatedly asked defendant to step out of the car and listed evidence of defendant's suspicious behavior culminating in the officer's supposition that "[t]here's probably dope in the car." Considering the totality of circumstances, however, the balance of the factors leads to the conclusion that defendant was not placed in compelling circumstances. *See State v. Nelson*, 285 Or App 345, 353, 397 P3d 536 (2017) (determining that the defendant was not in compelling circumstances when the officer's statement during a traffic stop that the defendant "was too impaired to be driving" was used to inform the defendant of the reason for the investigation rather than as a threat of arrest).

Affirmed.